IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

**FILED**
OCT 1 6 2019
Clerk, U.S District Court
District Of Montana
Great Falls

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 09-61-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JOSEF DAVID WILLIAMS, | |
| Defendant. | |

## I. Synopsis

Defendant Josef David Williams (Williams) has been accused of violating the conditions of his supervised release. Williams admitted all of the alleged violations, except alleged violations 1, 3 and 4(a). The Court dismissed alleged violations 1 and 4(a) on the government's motion. The government failed to satisfy its burden of proof with respect to alleged violation 3. Williams's supervised release should be revoked. Williams should receive a term of custody of 4 months, followed by supervised release for life. Williams should be placed at the Bureau of Prisons' facility in Englewood, Colorado.

## II. Status

Williams pleaded guilty to Possession of Child Pornography on

November 10, 2009. (Doc. 26). The Court sentenced Williams to 120 months of custody, followed by supervised release for life. (Doc. 32). Williams's current term of supervised release began on May 25, 2018. (Doc. 39 at 1).

**Petition**

The United States Probation Office filed a Petition on September 24, 2019, requesting that the Court revoke Williams's supervised release. (Doc. 39). The Petition alleged that Williams had violated the conditions of his supervised release: 1) by failing to successfully complete his sex offender treatment program; 2) by knowingly being in the company of a child under the age of 18; 3) by failing to notify his probation officer of a change in residence; and 4) by possessing a smart phone and a Facebook Account without the prior approval of his probation officer.

**Initial appearance**

Williams appeared before the undersigned for his initial appearance on September 30, 2019. Williams was represented by counsel. Williams stated that he had read the petition and that he understood the allegations. Williams waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 15, 2019. Williams admitted that he had violated the conditions of his supervised release: 1) by failing to successfully complete his sex offender treatment program; 2) by knowingly being in the company of a child under the age of 18; and 3) by possessing a Facebook Account without the prior approval of his probation officer. The Court dismissed alleged violations 1 and 4(a) on the government's motion. The government failed to satisfy its burden of proof with respect to alleged violation 3. The violations that Williams admitted are serious and warrant revocation of Williams's supervised release.

Williams's violations are Grade C violations. Williams's criminal history category is I. Williams's underlying offense is a Class C felony. Williams could be incarcerated for up to 24 months. Williams could be ordered to remain on supervised release for up to life, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Williams's supervised release should be revoked. Williams should be incarcerated for 4 months, followed supervised release for life. The supervised release conditions imposed previously should be continued. This sentence is

3

sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Williams that the above sentence would be recommended to Judge Morris. The Court also informed Williams of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Williams that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Williams stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Josef David Williams violated the conditions of his supervised release: by failing to successfully complete his sex offender treatment program; by knowingly being in the company of a child under the age of 18; and by possessing a Facebook Account without the prior approval of his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Williams's supervised release and commit Williams to the custody of the United States Bureau of Prisons for a term of 4 months, followed by supervised release for life. Williams should be placed at the Bureau of Prisons' facility in Englewood, Colorado.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of October, 2019.

John Johnston
United States Magistrate Judge