IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEF DAVID WILLIAMS,<br><br>Defendant. | CR 09-61-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Josef David Williams (Williams) has been accused of violating the conditions of his supervised release. Williams admitted alleged violation 2. Williams denied alleged violations 1 and 3. The government satisfied its burden of proof with respect to alleged violation 1. The government failed to satisfy its burden of proof with respect to alleged violation 3. Williams's supervised release should be revoked. Williams should be placed in custody for 9 months, followed by a lifetime of supervised release. Williams's supervised release conditions should be amended to include the following new condition:

> Williams should be required to participate in a mental health treatment program as directed by his probation officer. Williams should be required to remain in the program until he is released by his probation officer in consultation with his treatment provider. Williams should be required to pay part or all of the costs of the program as directed by his probation officer.

## II. Status

Williams pleaded guilty to Possession of Child Pornography on November 10, 2009. (Doc. 26). The Court sentenced Williams to 120 months of custody, followed by supervised release for life. (Doc. 32). Williams's current term of supervised release began on July 22, 2021. (Doc. 91 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on January 25, 2022, requesting that the Court revoke Williams's supervised release. (Doc. 91). The Amended Petition alleged that Williams had violated the conditions of his supervised release: 1) by being in the company of a child under the age of 18 without the prior approval of his probation officer; 2) by failing to successfully complete his sex offender treatment program; and 3) by knowingly interacting with a convicted felon.

**Initial appearance**

Williams appeared before the undersigned for his initial appearance on February 1, 2022. Williams was represented by counsel. Williams stated that he had read the petition and that he understood the allegations. Williams waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 1, 2022. Williams admitted that he had violated the terms of his supervised release by failing to successfully complete his sex offender treatment program. Williams denied alleged violations 1 and 3. The government satisfied its burden of proof with respect to alleged violation 1. The government failed to satisfy its burden of proof with respect to alleged violation 3.

Williams's violations are Grade C violations. Williams's criminal history category is I. Williams's underlying offense is a Class C felony. Williams could be incarcerated for up to 24 months. Williams could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Williams's supervised release should be revoked. Williams should be placed in custody for 9 months, followed by a lifetime of supervised release. Williams's supervised release conditions should be amended to include the following new condition:

- Williams should be required to participate in a mental health treatment program as directed by his probation officer. Williams should be required to remain in the program until he is released by his probation officer in consultation with his treatment provider.

> Williams should be required to pay part or all of the costs of the program as directed by his probation officer.

This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Williams that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Williams of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Williams that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Josef David Williams violated the conditions of his supervised release: by being in the company of a child under the age of 18 without the prior approval of his probation officer; and by failing to successfully complete his sex offender treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Williams's supervised release and commit Williams to the custody of the United States Bureau of Prisons for 9 months, followed by a lifetime of supervised release. Williams's supervised release should be revoked. Williams should be placed in custody for 9 months, followed by a lifetime of supervised release. Williams's supervised release conditions should be amended to include the following new condition:
>
>> Williams should be required to participate in a mental health treatment program as directed by his probation

4

officer. Williams should be required to remain in the program until he is released by his probation officer in consultation with his treatment provider. Williams should be required to pay part or all of the costs of the program as directed by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of February, 2022.

_____
John Johnston
United States Magistrate Judge